IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilbur Scott, Jr.,           ) | C/A No.: 1:13-1028-DCN-SVH |
|                              ) | |
| Petitioner,    ) | |
|                              ) | |
| vs.                          ) | REPORT AND RECOMMENDATION |
|                              ) | |
| Warden, FCI Williamsburg,    ) | |
|                              ) | |
| Respondent.    ) | |

Petitioner Wilbur Scott, Jr., is a federal inmate housed at Federal Correctional Institution ("FCI") Williamsburg who has submitted this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

On May 16, 2005, Petitioner entered a guilty plea to the offense of Unlawful Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g). [Entry #1 at 2–3];

---

[1] Petitioner listed the United States of America as the respondent in this action. [Entry #1 at 1]. However, because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), a separately-docketed order directs the Clerk of Court to adjust the court's docket to reflect the proper respondent.

*see also United States v. Scott*, Criminal No. 7:05-21-F-1 (E.D.N.C. Nov. 15, 2005) ("*Scott I*"). During the guilty plea hearing, the court informed Petitioner that "the maximum punishment for the § 922(g) offense was ten years in prison" and that "his punishment range would be fifteen years to life" imprisonment if he was also found to be an armed career criminal. [Entry #1 at 3–4]. On November 15, 2005, the district court concluded that Petitioner qualified for a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 180 months in prison. *Id.* at 2, 6; *see also Scott I* at Entry #17. Petitioner filed a timely appeal of his conviction and sentence, which the Fourth Circuit Court of Appeals affirmed on October 4, 2006. [Entry #1 at 6]; *see also United States v. Scott*, No. 05-5199, 2006 WL 2846464 (4th Cir. Oct. 4, 2006) ("*Scott II*"). Petitioner did not file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Entry #1 at 8].

Petitioner now files the instant § 2241 petition alleging that a breaking and entering conviction, "which the government used as a predicate offense" for his ACCA enhancement, is no longer considered a violent crime "of the type required to support an armed career offender sentence." [Entry #1 at 7]. Thus, Petitioner claims that he is "actually innocent of being an armed career offender," *id.*, and asks this court to vacate his federal sentence. *Id.* at 10.

II.     Discussion

    A.     Legal Standard

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.   Analysis

    1.   A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255.

The instant petition is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Prior to the enactment of 28 U.S.C. § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy," and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted). In this case, Petitioner seeks relief from his federal conviction and sentence. Thus, the relief he requests is only available, if at all, under § 2255, unless that statute is shown to be

4

inadequate and ineffective to test the legality of the Petitioner's detention.  *See In re Jones*, 226 F.3d at 333.

>   2. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention.

As stated above, Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, 238 F.3d 411, 411 (4th Cir. 2000).  Petitioner indicates that he failed to timely file a § 2255 motion in the sentencing court.  [Entry #1 at 8].  However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion."  *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention.  In *In re Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal

5

and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333−34.  In the present case, Petitioner provides no facts to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change.  Instead, Petitioner alleges that a change in the law, subsequent to his conviction, rendered his sentence enhancement improper. Specifically, Petitioner claims that the crime of breaking and entering is no longer a violent crime sufficient to "support an armed career offender sentence."[3]  [Entry #1 at 7]. However, Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333−34); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").  Because Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, this case is subject to summary dismissal.

---

[3] Petitioner cites to *United States v. Bacote*, No. 03-4908, 2006 WL 1888766 (4th Cir. July 10, 2006) (holding on direct appeal that a federal prisoner's prior state court conviction of breaking and entering was not the equivalent of the career offender predicate offense of burglary of a dwelling).

It is noted that Petitioner is well beyond the one-year statute of limitations for filing a § 2255 motion in the sentencing court. *See* 28 U.S.C. § 2255(f). Therefore, the undersigned concludes that it is not in the interest of justice to re-characterize Petitioner's claim as a § 2255 motion and/or transfer this case to the sentencing court. *Cf. Shaw v. United States*, No. 09-8186, 2011 WL 915814 (4th Cir. March 17, 2011).

> 3. Petitioner has not demonstrated exhaustion of administrative remedies.

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in a § 2241 action); *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also* 28 C.F.R. § 542.10. In the instant case, Petitioner has not established or alleged that he has exhausted his administrative remedies. For this additional reason, dismissal is appropriate.

III.   Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

May 15, 2013                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).